UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TALARICO YOUNG,

                          Petitioner,

    v.                                                    9:19-CV-1243
                                                              (TJM)

STEWART ECKERT, Superintendent,

                          Respondent.

APPEARANCES:                                          OF COUNSEL:

TALARICO YOUNG
Petitioner pro se
14-B-1425
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

HON. LETITIA JAMES                                    JODI A. DANZIG, ESQ.
Attorney for Respondent                               Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

## I.    INTRODUCTION

Petitioner Talarico Young filed this petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").  Respondent opposed the petition.  Dkt. No. 15,

Memorandum of Law in Opposition; Dkt. No. 16, Answer; Dkt. No. 17, State Court Records

("SCR"); Dkt. No. 18, State Court Transcripts.  Petitioner filed a reply.  Dkt. No. 24, Traverse.

The petition is under consideration by the Court.

Simultaneously, petitioner also filed a motion to stay.  Dkt. No. 23.  Respondent opposed the motion.  Dkt. No. 25.  Petitioner submitted a further filing in support of the motion and, alternatively, requested that the Court conduct an evidentiary hearing.  Dkt. No. 26.  For the foregoing reasons, both of petitioner's motions are denied.

## II.    DISCUSSION

Petitioner requested a stay because "[t]he material facts underlying [his ineffective assistance of counsel and false evidence claims] had not been adequately developed at the state level, because the petitioner was not able to afford [the] services of a lawyer and the state trial court declined to conduct a hearing[.]"  Dkt. No. 23 at 3-4.  Accordingly, petitioner recently retained a private investigator who was interviewing several witnesses who, petitioner anticipated, would provide statements which would identify "an alternative perpetrator and verify[] that material testimony evidence provided at [the] trial was false."  *Id.* at 4.  Petitioner required the stay to allow the investigator to complete his interviews and submit his findings for the Court to consider in conjunction with the pending petition.  *Id.* at 4-5.

Respondent opposed petitioner's motion, arguing that because the petition was not a mix of exhausted and unexhausted claims, a stay was not warranted.  Dkt. No. 25 at 2.  Further, respondent argued that because the Court is limited to examining the record before the state court for purposes of determining a habeas petition, the Court could not consider any additional facts uncovered by petitioner's newly retained private investigator.  *Id.*

Petitioner submitted a second filing, in support of his motion for a stay, asking alternatively for the Court to conduct an evidentiary hearing allowing petitioner to marshal

2

further evidence, via his private investigator, to prove that petitioner's constitutional rights were violated.  Dkt. No. 26.

### A.      Motion for a Stay

Generally, a motion for a stay is made so that a habeas petitioner can exhaust his or her state court remedies while a federal habeas petition remains pending.  *See Rhines v. Weber*, 544 U.S. 269, 275-77 (2005).  However, here, neither party disputes that petitioner's claims have been exhausted.  *See* SCR at 187-191 (Onondaga County Court decision denying petitioner's ineffective assistance of counsel and false testimony claims on the merits); *People v. Young*, 153 A.D.3d 1618, 160-21 (4th Dep't 2017) (Appellate Division decision denying petitioner's ineffective assistance of counsel claim on the merits).  Instead petitioner requests a stay to allow his private investigator time to further compile new evidence to support his federal habeas claims.  Dkt. No. 23 at 5.

"District courts do ordinarily have authority to issue stays . . . where such a stay would be a proper exercise of discretion."  *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citations omitted).  A court evaluating a habeas petition is no different, and has the same discretion.  *Id.*  However, "[s]taying a federal habeas petition frustrates [the] . . . objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings[ and also] . . . undermines [the] goal of streamlining federal habeas proceedings[.]"  *Id.* at 277.  Accordingly, a "stay and abeyance should be available only in limited circumstances."  *Id.*

Because habeas corpus actions are civil in nature, the same factors regulating a traditional stay are utilized.  *Hilton v. Braunskill*, 481 U.S. 770, 775-76 (1987).  The four

factors to be considered are

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776 (citations omitted).

Here, petitioner has not made any arguments concerning the four stay factors or otherwise establishing that a stay is warranted. Without determining whether petitioner has made a strong showing that he is likely to succeed on the merits, the rest of the factors militate against petitioner.

Petitioner will not be irreparably injured absent a stay and, conversely, respondent would be injured if one were to be issued. This is because issuing a stay to allow petitioner's private investigator to gather new evidence for presentation to the Court is inconsistent with federal precedent.

"In cases where a petitioner's federal habeas claims were presented to the state courts and rejected on the merits, a district court's ability to take new evidence is strictly limited." *Merritt v. Chappius*, No. 9:14-CV-1481 (LEK), 2015 WL 5711961, at *19 (N.D.N.Y. Sept. 29, 2015). The Supreme Court has explicitly held

> that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.

*Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). The "AEDPA's statutory scheme is

4

designed to strongly discourage [the submission of new evidence because] . . . federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.* at 186.

Here, consistent with *Pinholster*, this Court's review of new evidence is strictly limited. 563 U.S. at 182.   Because the state court decided petitioner's claims, this Court must rely solely on the record that was presented to the state court at the time of the decision.  *Id.; see also Ryan v. Gonzales*, 568 U.S. 57, 75 (2013) ("Any extra record evidence that [petitioner] might have concerning [his] claims would . . . be inadmissible."); *Greene v. Fisher*, 565 U.S. 34, 44 (2011) (explaining the rationale behind *Cullen*, namely that "§ 2254(d)(1) requires federal courts to focus on what a state court knew and did and to measure state-court decisions against [Supreme Court] precedents as of the time the state court renders its decision.") (internal quotation marks and emphasis omitted).  Holding otherwise would be contrary to federal precedent and the framework which parties have come to rely upon in federal habeas corpus proceedings.

Petitioner contends that despite the fact that he "is pursuing additional support such as affidavits from the residents (via [a] private investigator), the operative facts [and] substance of that information was on record and presented to the state court in the police reports."  Dkt. No. 26 at 2.  Essentially, petitioner claims that these potentially new witness statements should be deemed part of the record which was previously evaluated by the state court, consistent with *Pinholster*.  However, petitioner cannot have it both ways.  Regardless of the creative manner petitioner attempts to present whatever new evidence he claims his personal investigator may find, it remains new evidence that cannot, in these circumstances, be evaluated by the Court.

5

Moreover, consistent with the rationale used by *Pinholster* and its progeny, allowing a stay for petitioner's private investigator to marshal further evidence for this Court to consider would represent an unreasonable and unnecessary delay that completely contradicts the aims of federal habeas corpus jurisprudence and negatively impacts judicial efficiency and the parties' interests in a speedy outcome.  Therefore, no public interest is furthered by delaying progress in this case.

Accordingly, petitioner's motion for a stay is denied.

**B.     Motion for Further Discovery**

Alternatively, petitioner argues that, given the broad discretion given to federal courts, an evidentiary hearing should be conducted to delve into the testimony of the individuals his private investigator is pursuing to ensure petitioner received a fair trial.  Dkt. No. 26 at 2. Essentially, petitioner requests to expand the record and allow new discovery to be included in the State Court Record.  However, petitioner does not proffer any further arguments why the Court should exercise its discretion.  *Id.*

"A habeas petition, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, pursuant to Habeas Rules 6 and 7, a district court may order discovery or expansion of the record where a party demonstrates good cause.  Good cause is demonstrated where the petitioner advances "specific allegations before the court [to] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief . . . ."  *Bracy*, 520 U.S. at 909 (internal quotation marks omitted).

Here, petitioner has failed to demonstrate that any of this discovery information would

show his entitlement to relief.  The Court finds petitioner's "generalized statements about the possible existence of material do[es] not constitute 'good cause.' Rather a petitioner must produce specific evidence that supports his claim that the requested material exists." *Green v. Artuz*, 990 F. Supp. 267, 271 (S.D.N.Y. 1998).  Petitioner assumes that by retaining a private investigator there will be an array of witness declarations which will provide him with impeachment and exculpatory material.  Dkt. No. 23 at 4.  However, that is nothing more than conjecture.  The attached correspondence from the private investigator indicates that these potential witnesses are not sources of such exculpatory information.  The first alleged witness, despite prodding by the investigator about an unidentified individual who could be the mystery assailant, repeated the same information which she provided to law enforcement and was memorialized in the police reports.  *Id.* at 9.  The second alleged witness was either not home or would not answer her door.  *Id.*  And the final two alleged witnesses had moved, and the investigator was only able to find a current address for one of them.  *Id.* at 9-10.

It appears that petitioner is attempting to engage in a fishing expedition, looking for something possibly exculpatory, and such requests are not permitted on habeas review.  *See Naranjo v. United States*, No. 1:16-CV-7386, 2019 WL 4879297, at *1 (S.D.N.Y. Oct. 3, 2019) (explaining that "Rule 6 does not license a petitioner to engage in a fishing expedition seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.") (internal quotation marks and citations omitted).  Further, it seems clear that any such expedition would not be fruitful.  Thus, the proposed discovery would be insufficient to show petitioner's entitlement to relief and establish good cause to grant his motion.

Accordingly, petitioner's motion is denied.

### III.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay this action, Dkt. No. 23, is **DENIED**; and it is further

**ORDERED** that petitioner's alternative motion to expand the record and conduct further discovery, Dkt. No. 26, is **DENIED**; and it is further

**ORDERED** that the action is fully briefed and before the Court for a decision.  The case will be decided in due course.  **NO FURTHER SUBMISSIONS ARE REQUIRED FROM EITHER PARTY**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated:March 25, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

8